Shippen, President.
There are certain rules adopted for the government of the Court in respect to bail, which, as they are consonant to law and reason, ought not to be wantonly violated. In cases of necessity, however, these rules admit of some relaxation; as where it is impracticable to obtain a positive affidavit of the debt, the Court, being satisfied of its existence by collateral proofs, will order special bail to be entered.
But the present question is not of that nature; for the matter alledged in support of the rule, goes immediately to the merits of the cause, and cannot, with any propriety, be considered as a fact merely collateral. It is, in effect, saying, that the Defendant has paid the Plaintiff’s debt; which surely cannot be tried on a motion of this kind; nor can it at any time be substantiated by the testimony of the Defendant himself.
I think, indeed, that the liberality of our Courts, has already extended the benefits of a cessio bonorum in another country, as far as prudence will justify. In the cases of Millar v. Hall and Thompson v. Young, there had been a general surrender for the benefit of all the creditors; and judgments of discharge from their respective debts, were regularly pronounced and certified in favor of the Defendants by the Court of a sister State. This distinguishes these cases from the case of James et al. v. Allen (ant. 188.) where the Defendant’s person only was discharged, under a law of New-Jersey, clearly local in its terms and operation: And, in the case of Le Clereq v. Richette our opinion, in directing the Jury to find for the Defendant, was founded upon the evidence that the Plaintiff was a party to the proceedings in France, and that an actual discharge had been obtained conformably to the laws of that kingdom.
From these decisions it may be collected, that the judgment of a foreign Court discharging the debt, would, for that purpose, be recognized here; but it would be contrary to reason, justice, and law, to protect a man from arrests, who had made his way to this country before he obtained his certificate, merely because he had committed an act of bankruptcy and surrendered to the commissioners in England. The objections are equally strong upon the present occasion; for, it is clear, that the proceedings, which have hitherto taken place in the Consular Court of L'Orient, are inchoate and inconclusive; and, even if the Plaintiff had signed the letter of licence for three years, that, according to an express authority in Barnes, would not be a sufficient cause for refusing special bail.
Upon the Whole, the Court are clearly of opinion, that the Defendant is not entitled to be released on common bail; and, therefore, direct
The rule to be discharged.